20 July 24, 2024 No. 511

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of T. S. L.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

T. S. L.,
*Appellant.*

Jackson County Circuit Court
23CC07520; A183230

Laura A. Cromwell, Judge.

Submitted June 14, 2024.

Christopher J. O'Connor and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jona J. Maukonen, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, C. J. and Egan, J.

LAGESEN, C. J.

Reversed.

**LAGESEN, C. J.**

Appellant challenges a civil commitment judgment and an order prohibiting the purchase or possession of firearms. In his first assignment of error, appellant argues that the trial court plainly erred by failing to issue the citation required by ORS 426.070(5)(a), and by failing to serve it on appellant, ORS 426.090. The state concedes the error. We agree with and accept that concession. We therefore reverse.[1]

A certified mental health investigator recommended that the trial court issue a citation for a civil commitment hearing, but no citation appears in the record, and no hearing occurred because appellant was committed pursuant to a stipulation. The state's failure to issue and serve the citation "is reversible error unless the record allows for the affirmative inference that the appellant waived the procedural protection at issue or, alternatively, received a functionally equivalent protection in a different form." *State v. T. C.*, 327 Or App 558, 563, 536 P3d 591 (2023), *rev den*, 371 Or 825 (2024). Here, there is no indication that appellant waived the right at issue. The error is plain, and we exercise our discretion to correct it. *Id.* at 571. We therefore reverse the judgment and order.

Reversed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel. Because we reverse based on the first assignment of error, we do not address appellant's second assignment of error.